# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MAB INDUSTRIES CORPORATION.<br>3590 5TH Avenue<br>San Diego, California 92103,<br><br>    Plaintiff,<br><br>v.<br><br>CHANNINGWAY CENTER LLC<br>c/o Registered Agent<br>Taft Services Corp.<br>425 Walnut Street, Suite 1800<br>Cincinnati, Ohio 45202,<br><br>    Defendant. | CASE NUMBER:<br><br>JUDGE:<br><br><br>**<u>JURY DEMANDED HEREIN</u>** |

## COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF

The following allegations are based upon Plaintiff MAB Industries Corporation's ("MAB" or "Plaintiff") knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

### I. INTRODUCTION

MAB entered into a Purchase and Sale Agreement ("Agreement") with Defendant Channingway Center LLC ("Channingway" or "Defendant") to purchase a multiunit commercial property owned by Channingway in Columbus, Ohio. Pursuant to the Agreement, MAB paid Defendant an "Earnest Money Deposit" totaling $473,800, paid in three installments. Under the Agreement, MAB's "Earnest Money Deposit" was nonrefundable except in certain circumstances. One such circumstance was if Defendant breached. It did.

Defendant breached the Agreement by, among other things, failing to accurately identify the existing tenants of the property and failing to provide leases for all tenants to MAB. This breach was material, as a determination of who the tenants were and the terms of their leases was critical to MAB's assessment of whether the property was worth the investment. Because of Defendant's breach, MAB demanded the return of its Earnest Money Deposit. Defendant refused.

As the Agreement requires, MAB then attempted to engage in good faith negotiations with Defendant to resolve the dispute, and even sought mediation. Defendant did not engage in good faith negotiations, and while MAB participated in mediation, even submitting a Mediation Statement, Defendant did not. Defendant's failure to negotiate in good faith and refusal to participate in mediation further breached the Agreement. MAB is entitled to the return of the Earnest Money Deposit, in addition to other damages and the attorney fees incurred, pursuant to the express terms of the Agreement.

## II. PARTIES

1. Plaintiff MAB is a California corporation with its principal place of business at 3590 5th Avenue, San Diego, California 92103.

2. MAB is registered with the Ohio Secretary of State as a foreign corporation and authorized to conduct business in the State of Ohio.

3. Defendant Channingway is a Delaware Limited Liability Company with its principal place of business at 48 Bakertown Road, Suite 500, Monroe, New York 10950.

4. On information and belief, none of Channingway's members is a citizen of the State of California.

5. Channingway is registered with the Ohio Secretary of State as a foreign limited liability company and authorized to conduct business in the State of Ohio.

6. Channingway is in the business of property ownership and apartment operation and leasing. It owns and operates various apartment and other multiunit dwellings in and around Columbus and Ohio.

7. MAB is in the business of providing digital services. Mark Bauman is the President of MAB.

8. Mark Bauman is a citizen of the State of California.

9. At all times relevant hereto, Channingway has conducted business in Franklin County, Ohio.

10. Each action or inaction alleged herein against Channingway is also an allegation of action or inaction its owners, agents, predecessors, successors, employees, assignees, servicers, or any other individual or entity acting for or on behalf of Channingway.

### III.  JURISDICTION, VENUE, AND APPLICABLE LAW

11. This Court has subject matter jurisdiction over this matter because the parties are completely diverse and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §§1332(a)(1) and (c)(1).

12. This Court has personal jurisdiction over Defendant under Ohio's long-arm statute, O.R.C. § 2307.382, because, *inter alia*, because Defendant transacts business in Ohio, the actions giving rise to this matter occurred in Ohio, and Defendant owns and/or has an interest in real property in Ohio, including the property that is the subject of this action.

13. Venue is proper in this Court because Section 13(i) of the Agreement contains a forum-selection and choice-of-law clause under which all disputes are to be heard by courts in the county where the property is located. The property that is the subject of the Agreement is located in Franklin County, Ohio. In addition, venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to MAB's claim occurred in

Franklin County, Ohio, and the property that is the subject of this action is located in Franklin County, Ohio.

14. Pursuant to Section 13(i) of the Agreement, Ohio law applies to this matter.

### IV. GENERAL ALLEGATIONS

15. MAB incorporates all other paragraphs of this Complaint by reference as though included here.

16. On or about April 9, 2021, Bauman and Defendant entered into the Agreement under which Bauman was to purchase real property from Defendant. The Agreement is attached as Exhibit A-1.

17. The property that is the subject of the Agreement is located at 6100 and 6056 Channingway Boulevard, Columbus, Ohio 43232 (the "Property").

18. The purchase price for the Property was $2,369,000.

19. Under the Agreement, Bauman made an initial payment to Defendant, characterized as an "Earnest Money Deposit" in the Agreement, of $236,900.

20. On May 28, 2021, Bauman assigned his rights and obligations to MAB via an Assignment and Amendment agreed to by all parties to the Agreement.

21. MAB and Defendant entered into an Addendum to the Agreement, dated July 12, 2021, pursuant to which Bauman made an additional payment of $118,450. The First Addendum is attached as Exhibit A-2.

22. MAB and Defendant entered into another Addendum to the Agreement, dated August 4, 2021, pursuant to which Bauman made an additional payment of $118,450. The Second Addendum is attached as Exhibit A-3.

23. The Addenda characterized these additional payments as "an increase in the Earnest Money Deposit for all purposes under the Agreement."

24. MAB made a total of $473,800 in initial payments to Defendant.

25. All of MAB's initial payments were made within the time provided in the Agreement and any addenda thereto.

26. Section 2 of the Agreement states (second emphasis added): "**EARNEST MONEY DEPOSIT**…The Earnest Money Deposit is non-refundable *except as set forth in this Agreement*."

27. Section 8(A) of the Agreement identifies one such exception to the non-refundability of MAB's Earnest Money Deposit. It provides, in relevant part (emphasis added):

> Termination Resulting from Breach. If Closing does not or cannot occur on or before the Closing Date due to a breach of this Agreement by Buyer or Seller, then the non-breaching party may terminate this Agreement….*If Seller is the breaching party, Closing Agent shall return the Earnest Money Deposit to Buyer, and Buyer shall be entitled to pursue remedies at law or in equity.*

28. Section 4 of the Agreement identifies certain deliveries required of Seller.

29. One such delivery is "[a]ny and all other instruments reasonably required by Closing Agent or otherwise necessary to Close the transactions contemplated by this Agreement."

30. In addition, according to Section 4 of the Agreement, on or before the Closing Date, the Seller was to deliver to the Closing Agent any and all "instruments reasonably required by Closing Agent or otherwise necessary to Close the transactions contemplated by this Agreement". See Exhibit A-1.

31. The Closing Agent requested documents "satisfactory to [it] that convey the Title or create the Mortgage to be insured" and that those documents have been "properly authorized, executed, delivered, and recorded in the Public Records."

32. In addition, the Closing Agent could "make other requirements or take further…exceptions upon its review of the proposed documents creating the estate or interest to be insured or upon its otherwise ascertaining details of the transaction."

33. Pursuant to the above, the Closing Agent requested that Defendant provide (a) an updated rent roll and an update on the security deposit credit, if any; (b) an original lease for one of the tenants (or at a bare minimum, an amendment); and (c) certain agreements by other tenants.

34. Defendant did not provide the requested documents to the Closing Agent.

35. Defendant took the position that it was not obligated to provide the requested documents and refused to do so.

36. Section 5(B) of the Agreement provides that "Buyer's obligation to Close is conditioned upon the following…All representations and warranties of Seller in this Agreement shall have been true in all material respects as of [April 9, 2021]."

37. Under Section 5(C) of the Agreement, titled "<u>Duty to Cooperate in Good Faith to Resolve</u>" (emphasis in original), "if either party learns that a closing condition is unlikely to be satisfied, such party shall promptly notify the other party, and both parties shall cooperate in good faith to fairly and promptly resolve the matter." Exhibit A-1.

38. Under Section 5(C) of the Agreement, the party whose closing condition is not satisfied is relieved of its obligation to close if one of the following occurs: "(i) the other party fails to cooperate in good faith, (ii) fair and prompt resolution is not reached after the parties have cooperated in good faith, *or* (iii) fair and prompt resolution of the matter on or before the Closing Date would be impracticable."

39. Section 12 of the Agreement entitles either party to request that a dispute be submitted to mediation, before pursuing arbitration or court action.

40. Section 10 of the Agreement contains Defendant's representations and warranties. Defendant "represent[ed] and warrant[ed] to Buyer [MAB] as follows:

    (D) <u>Leases</u>. Except for the leases (including any amendments listed in Exhibit C ("Leases"), Seller knows of no other agreement with respect to the occupancy of the Property that will be binding on Buyer after Closing, and to Seller's knowledge, the information on Exhibit C and copies of any Leases delivered by Seller to Buyer are true, correct and complete in all material respects.

41. In Exhibit C to the Agreement, Defendant represented that the leases that would be binding on MAB upon purchase were those identified in Exhibit C and those listed on the "Ten-X[] website" which was expressly incorporated by reference. Exhibit A-1.

42. Exhibit C listed 21 "Total Occupied Units" and identified the tenants for those units.

43. The Ten-X website also identified 21 occupied units.

44. Exhibit C and the Ten-X did not contain the same tenants.

45. The Ten-X website did *not* identify three of the tenants that had been identified on Exhibit C.

46. The Ten-X website identified three tenants that had *not* been identified on Exhibit C.

47. Defendant did not provide leases for all of the tenants it identified.

48. Defendant provided only portions of leases or amendments to leases for certain tenants.

49. By failing to identify all tenants, Defendant breached the Agreement.

50. By failing to provide leases for all tenants, Defendant breached the Agreement.

51. By failing to provide the Closing Agent with documents and information it requested, Defendant breached the Agreement.

52. Defendant's representations and warranties, including its representations regarding the identity of tenants, were not true in all material respects.

53. Because Defendant's representations and warranties were not true in all material respects as of April 9, 2021, Defendant was in breach of the Agreement.

54. Because Defendant's representations and warranties were not true in all material respects as of April 9, 2021, MAB was relieved of its obligation to close.

55. Because Defendant failed and refused to provide the Closing Agent with information and documents it requested, MAB was relieved of its obligation to close.

56. MAB gave Defendant notice of its breaches and failures under the Agreement.

57. MAB attempted to work with Defendant to obtain the documents it needed and was entitled to be provided.

58. MAB engaged in a good faith effort to resolve Defendant's failure to identify all tenants accurately and provide all documentation regarding their leases.

59. MAB gave Defendant an opportunity to cure its breach.

60. MAB followed the process for resolving disputes set forth in the Agreement.

61. Defendant did not provide the documents it was required to provide under the Agreement, even after MAB gave it an opportunity to do so.

62. Defendant admitted that it did not have certain documents it was required to provide to MAB under the Agreement.

63. Defendant's inaccurate representations regarding the identity of its tenants and its failure to provide full and complete documentation comprising the tenants' leases was a breach of the Agreement.

64. Defendant's failure to engage in good-faith negotiations to resolve its breaches of the Agreement constituted another breach of the Agreement.

65. Because Defendant breached the Agreement and did not participate in good-faith efforts to resolve its breaches, MAB was entitled to terminate the Agreement pursuant to Section 8(A) of the Agreement.

66. MAB exercised its contractual right to terminate the Agreement.

67. Under Section 8(A) of the Agreement, MAB was entitled to the return of its Earnest Money Deposit and to pursue any other remedies available in law or equity.

68. MAB invited Defendant to participate in medication, as provided in Section 12 of the Agreement. Defendant refused to participate in mediation.

69. Despite Defendant's recalcitrant refusal to attempt any resolution of the dispute, MAB participated in mediation before Judge James L. Kimbler, a retired Judge of the Medina County Court of Common Pleas. MAB prepared and submitted a Mediation Statement to Judge Kimbler.

70. Defendant materially breached the Agreement.

71. Defendant was given an opportunity to cure its breaches.

72. Defendant failed to cure its breaches.

73. Defendant refused to return MAB's initial payments.

74. Defendant refused to engage in good faith negotiations to resolve the issue.

75. Defendant refused to participate in mediation or other dispute-resolution.

76. Defendant breached the Agreement by, *inter alia*:

    a. Providing materially untrue representations and warranties;

    b. Failing to deliver items it was required to deliver under the Agreement;

    c. Refusing to participate in good-faith negotiations to resolve disputes;

    d. Refusing to return MAB's Earnest Money Deposit after Defendant breached and MAB terminated the Agreement; and

    e. Refusing to participate in mediation.

9

77. Under Section 13(j) of the Agreement, MAB is entitled to the attorney fees incurred in this matter.

78. Because of Defendant's breach of the Agreement, actions, and omissions, MAB has been damaged in an amount exceeding $75,000, exclusive of interest and costs.

## V. CLAIMS FOR RELIEF

### COUNT I: BREACH OF CONTRACT

79. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

80. As described in the General Allegations, Plaintiff and Defendants had a valid and enforceable agreement.

81. Plaintiff substantially performed its obligations under the Agreement.

82. Defendant breached the Agreement by its conduct described in the General Allegations.

83. Because of Defendant's breaches of the Agreement, Plaintiff has been damaged in an amount to be determined at trial, plus interest, costs, and attorney fees.

**WHEREFORE,** Plaintiff prays the Court grant the Plaintiff the following against Defendants:

   a. Award Plaintiff actual damages in an amount to be determined at trial in excess of Seventy-Five Thousand Dollars ($75,000.00);

   b. Attorney fees as provided in the Agreement;

   c. Interest and costs; and

   d. All other relief the Court deems fair and equitable.

Dated November 15, 2022.

Respectfully Submitted,

Kohl & Cook Law Firm LLC

*/s/ Timothy J. Cook*_____
Sean M. Kohl (0086726)
Timothy J. Cook (0093538)
Sean P. Costello (0068612)
*Attorneys for Plaintiff*
1900 Bethel Road
Columbus, OH 43220
(614) 763-5113 PH
(937) 813-6057 FAX
Sean@kohlcook.com
Timothy@kohlcook.com
Costello@kohlcook.com

**JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues.

*/s/ Timothy J. Cook*
Timothy Cook (0093538)